UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
OLATOKUNDO DAWODU,               DKT#: 1:14-CV-05523

               Plaintiffs,

  - against -                     **FIRST AMENDED COMPLAINT**

                                       **ECF CASE**

THE CITY OF NEW YORK, and
P.O. NICHOLAS VENTIMIGLIA (Tax ID# 945337),
And P.O. ALAN SCHATZ (Shield # 22125),
Individually and in their official capacities,

               Defendants.
------------------------------------------------------------------------x

      Plaintiffs, OLATOKUNDO DAWODU, by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, OLATOKUNDO DAWODU, is at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. NICHOLAS VENTIMIGLIA (Tax ID# 945337) and P.O. ALAN SCHATZ (Shield # 22125), were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE

CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about July 19, 2014, at about 2:10 a.m., at the South East intersection of Arverne Blvd and Beach 54 Street, in Queens County, New York, the Plaintiff was stopped and arrested by the Defendant police officers.

14. The Defendant police officers pulled the Plaintiff's vehicle over at the aforementioned time and location.

15. Immediately, the Defendant police officers became violent and tumultuous.

16. The Defendant police officers began screaming at the Plaintiff.

17. The Defendant police officers began beating the Plaintiff about his head and body without any lawful basis or justification.

18. The Defendant police officers placed the Plaintiff in a choke hold.

19. The Defendant police officers arrested the Plaintiff and criminally charged the Plaintiff with Resisting Arrest and Disorderly Conduct.  However, the Plaintiff had not committed any crime, or violation, and did not Resist Arrest or act in a Disorderly manner.

20. The Plaintiff was criminally charged under docket number 2014QN042558 in Queens County Criminal Court.

21. The Defendant police officers did not have probable cause to stop the Plaintiff or arrest him.

22. The Defendant police officers did not have probable cause to criminally charge the Plaintiff.

23. The Plaintiff was held in custody for approximately 14 hours before being brought before the Court to see a Judge.

24. The Plaintiff's criminal charges were Adjourned in Contemplation of Dismissal (ACD).

25. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, physical injuries, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## **FEDERAL LAW CAUSES OF ACTION**

### **FIRST CLAIM FOR RELIEF**
### **DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

31. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, both Plaintiffs were subjected to an illegal, improper and unlawful seizure of their persons without any probable cause, privilege, or consent.

34. The Plaintiff was subjected to an unreasonable roadside stop in violation of Terry v. Ohio, 392 US 1 (1968) and its progeny.

35. That the seizure of the Plaintiff objectively unreasonable and in violation of his constitutional rights.

36. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was beaten, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, physical injuries, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C § 1983**

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

39. That the detention of the plaintiff by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

40. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

**FOURTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C § 1983**

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. That the level of force employed by defendants against the Plaintiff was objectively unreasonable and in violation of his constitutional rights.

43. As a result of the foregoing, the plaintiff suffered, inter alia, physical injuries, psychological injuries, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop.

46. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

48. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

  (a) Failing to properly train, in general;

  (b) Failing to supervise police officers;

  (c) Subjecting persons to violations of their constitutionally protected rights;

  (d) Subjecting persons to excessive force.

  (e) Subjecting persons to unreasonable traffic stops in violation of Terry v. Ohio, 392 US 1 (1968) and its progeny.

  (f) Subjecting persons to false arrest.

49. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

50. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

51. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

52. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, physical injuries, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## **DAMAGES AND RELIEF REQUESTED**

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

55. By reason of the aforesaid conduct by defendants, each plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action.

Dated: New York, NY
December 30, 2014

By: /s/ Bryan Konoski
_____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832